```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                  :
UNITED STATES OF AMERICA          :    INFORMATION
                                  :
           - v. -                 :    22 Cr. 414 (___)
                                  :
ONEKEY, LLC,                      :
FINBAR O'NEILL,                   :
                                  :
           Defendants.            :
                                  :
- - - - - - - - - - - - - - - - - x
```

## COUNT ONE
### (Willful Violation of OSHA Regulations)

The United States Attorney charges:

### BACKGROUND

1.  Unless stated otherwise, at all times relevant to this Information:

    a. ONEKEY, LLC, ("ONEKEY") the defendant, was a New Jersey limited liability company engaged in a business affecting interstate commerce that had employees. ONEKEY was the general contractor for a construction site located at or near One Dutchess Avenue, Poughkeepsie, New York (the "Site").

    b. FINBAR O'NEILL, the defendant, was a resident of New Jersey engaged in a business affecting interstate commerce that had employees. O'NEILL exercised pervasive control over ONEKEY. He controlled the operations of ONEKEY, including at its headquarters in New Jersey and at the Site in Poughkeepsie. Although O'NEILL's relative was the nominal owner of OneKey,

1

O'NEILL received guaranteed payments from ONEKEY and no salary. O'NEILL and ONEKEY employed multiple individuals, including individuals who worked on the Site. O'NEILL and ONEKEY controlled the conditions at the Site and the construction of structures there.

  c. 29 C.F.R. § 1926.701(a), promulgated pursuant to 29 U.S.C. § 655 and a regulation prescribed pursuant to Chapter 15 of Title 29 of the United States Code, states the following:

> Construction loads. No construction loads shall be placed on a concrete structure or portion of a concrete structure unless the employer determines, based on information received from a person who is qualified in structural design, that the structure or portion of the structure is capable of supporting the loads.

C.F.R. § 1926.701(a) applied to Site.

  d. 29 C.F.R. § 1926.21(b)(2), promulgated pursuant to 29 U.S.C. § 655 and a regulation prescribed pursuant to Chapter 15 of Title 29 of the United States Code, states the following:

> The employer shall instruct each employee in the recognition and avoidance of unsafe conditions and the regulations applicable to his work environment to control or eliminate any hazards or other exposure to illness or injury.

29 C.F.R. § 1926.21(b)(2) applied to the Site.

## THE SURCHARGE PLAN

  2.  In 2017, ONEKEY and FINBAR O'NEILL, the defendants, implemented a soil compaction plan at the Site to prepare for the construction of buildings there.  As part of the soil

2

compaction plan, ONEKEY and O'NEILL determined that "surcharges," basically large piles of dirt, would be placed on the sites of three future buildings: Building B, Building C, and Building D.  ONEKEY and O'NEILL determined that a "rolling" surcharge plan would be used, meaning that after the soil had been compacted at the site of Buildings B and C, material from the surcharge piles there would be moved on to the site of Building D to compact the soil there.

3.     An engineering firm ("Engineering Firm-1") designed the surcharges.  The plans approved by Engineering Firm-1 called for, among other things, a one-to-one slope at the edge of the surcharges, meaning that the surcharge piles were to slope downwards at their edges to the ground at a 45-degree angle.  Engineering Firm-1's plans did not include a retaining wall to constrain any surcharge.

## THE WALL

4.     ONEKEY and FINBAR O'NEILL, the defendants, decided that workers would begin constructing Buildings B and C while the surcharge remained on the site of Building D.  This meant that employees would have to work next to a large pile of dirt, at least approximately fifteen feet high.

5.     Had ONEKEY and FINBAR O'NEILL, the defendants, followed Engineering Firm-1's plan and kept a one-to-one slope on the surcharge on the site of Building D, workers would not

have been able to begin constructing Buildings B and C.  So that work could begin on Buildings B and C, ONEKEY and O'NEILL decided that they would build a temporary retaining wall (the "Wall") that would cut into the one-to-one slope required by Engineering Firm-1's plan and hold back the pile of dirt that remained on Building site D.  Workers would have to work next to this Wall to construct Buildings B and C.

6.   In or about March 2017, ONEKEY and FINBAR O'NEILL, the defendants, directed workers at the Site to build a concrete block Wall between the site of Building D and the site of Building B.  The surcharge, i.e., the large pile of dirt, on Building site D pressed up against the Wall.  The Wall was not designed by any engineer.  ONEKEY, and FINBAR O'NEILL did not receive information from Engineering Firm-1 or any person qualified in structural design that the Wall was capable of supporting the load placed on it by the surcharge on Building site D.

7.   After the Wall was constructed between the site of Building B and the surcharge on Building site D, a site superintendent (the "Site Superintendent") spoke with FINBAR O'NEILL, the defendant, about extending the Wall along the surcharge on Building site D so that it would also run between Building site C and the surcharge on Building site D.  The Site Superintendent advised O'NEILL, in sum and substance, that

4

O'NEILL should consult with an engineer if the Wall was extended in that way. The Site Superintendent advised O'NEILL, in sum and substance, that the Wall as constructed could collapse and kill someone. In sum and substance, O'NEILL responded that he did not care.

8. In or about July 2017, ONEKEY and FINBAR O'NEILL, the defendants, directed workers at the Site to extend the Wall so that it ran further along the length of the surcharge on Building site D and ran between the site of Building C and the surcharge on Building D. The surcharge on Building site D pressed up against the Wall, including where it ran between the surcharge on Building site D and Building site C. The extended Wall was not designed by any engineer, and ONEKEY and O'NEILL did not receive information from Engineering Firm-1 or any person qualified in structural design that the Wall was capable of supporting the load placed on it by the surcharge on Building site D, including where the Wall ran between the surcharge on Building site D and Building site C.

9. While workers began constructing Buildings B and C, ONEKEY and FINBAR O'NEILL, the defendants, continued to add dirt to the surcharge still on Building site D. Dirt was added to the surcharge using construction machinery that drove on top of the surcharge on Building site D, the same surcharge that was pressing against the Wall.

10.  The Wall was not part of the plans prepared by Engineering Firm-1 or plans prepared by any person qualified in structural design.  The Wall deviated from the plans prepared by Engineering Firm-1 because it cut off the one-to-one slope at the edge of the surcharge on Building site D.

11.  Before on or about August 3, 2017, multiple individuals working on the Site informed agents of ONEKEY and FINBAR O'NEILL, the defendants, that the Wall was unsafe.

12.  ONEKEY and FINBAR O'NEILL, the defendants, willfully violated 29 C.F.R. 1926.701(a) by building the Wall and placing construction loads on the Wall without determining, based on information received from a person who is qualified in structural design, that the Wall was capable of supporting the loads placed on it.  In controlling the construction of the Wall and the placement of the weight of the surcharge against it, ONEKEY and FINBAR O'NEILL, the defendants, acted with an intentional disregard of or plain indifference to 29 C.F.R. 1926.701(a).  ONEKEY and O'NEILL were warned about the Wall and the need to consult with an individual qualified in structural design about the Wall.  They knew the Wall was a hazard, but they failed to correct it.  ONEKEY and O'NEILL substituted their own judgment for the requirements of 29 C.F.R. 1926.701(a).

13.     ONEKEY and FINBAR O'NEILL, the defendants, willfully violated 29 C.F.R. 1926.21(b)(2) by not instructing employees about the hazards of the surcharge and the Wall.  By failing to instruct employees about the hazards of the Wall, ONEKEY, LLC, and FINBAR O'NEILL, the defendants, acted with an intentional disregard of or plain indifference to 29 C.F.R. 1926.21(b)(2).  They knew that the Wall was unsafe.  But they did not inform workers of the hazard or how to avoid it.  They did not instruct workers on the Site to remain a safe distance from the Wall.  They did not indicate to workers that any area near the Wall was unsafe or establish any perimeter around the Wall that workers should not cross.  On the contrary, ONEKEY and O'NEILL built the Wall to hold back the surcharge on Building site D so that workers could begin constructing Buildings B and C.  To do so, employees had to work an unsafe distance from the Wall.

### THE COLLAPSE OF THE WALL

14.  On or about August 3, 2017, the Wall collapsed.  It fell on top of Maximiliano Saban, an employee of a subcontractor working on the Site, causing his death.  Another employee of the subcontractor was injured.  They had not been told to stay away from the Wall.  The Wall fell because it could not withstand the pressure from the surcharge on Building site D, which was pressing up against the Wall.  The Wall was not designed to withstand the loads placed upon it.  Before the Wall collapsed

7

on or about August 3, 2017, construction machinery had been driven on top of the surcharge on the site of Building D and additional dirt had been added to the surcharge.

**STATUTORY ALLEGATIONS**

15.  In or about July and August 2017, in the Southern District of New York, ONEKEY, LLC, and FINBAR O'NEILL, the defendants, employers engaged in a business affecting interstate commerce who had employees, knowingly and willfully violated a standard, rule, or order promulgated pursuant to Section 655 of Title 29, United States Code, and a regulation prescribed pursuant to Chapter 15 of Title 29, United States Code, in that they knowingly and willfully caused to be constructed a concrete wall and caused construction loads to be placed upon it, without determining, based on information received from a person who was qualified in structural design, that the wall was capable of supporting the loads placed upon it, and they did not instruct each employee in the recognition and avoidance of the unsafe conditions created by the concrete wall to control or eliminate any hazards or other exposure to illness or injury, and these violations caused the death of an employee.

(Title 29, United States Code, Section 666(e) and Title 18, United States Code, Section 2)

*Damian Williams*
DAMIAN WILLIAMS
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

ONEKEY, LLC, FINBAR O'NEILL,

Defendants.

### INFORMATION

22 Cr. 414(__)

(29 U.S.C. § 666(e)
and 18 U.S.C. § 2)

DAMIAN WILLIAMS
United States Attorney