UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA

    -against-                                    **DECISION AND ORDER**

ONEKEY, LLC, and                            22 Cr. 414 (PED)
FINBAR O'NEILL,

       Defendants.
-------------------------------------------------------X

**PAUL E. DAVISON, U.S.M.J.**

On July 29, 2022, defendants OneKey, LLC and Finbar O'Neill were charged by Information with one misdemeanor count of willful violation of OSHA regulations, in violation of 29 U.S.C. § 666(e). The charges stem from the death of a worker who was killed on a construction site controlled by defendants. Dkt. #1.

On January 13, 2023, defendants filed a motion to dismiss the Information in which they argued, *inter alia*, that the alternative fine provision in Title 18 (18 U.S.C. § 3571) does not apply to a violation of 29 U.S.C. §666(e). Dkt. #19, at 18-21 (ECF pagination). On February 2, 2023, before their motions were decided, defendants pleaded guilty to the one-count Information. *See* Minute Entry, 02/02/2023. Plea agreements expressly preserved defendants' right to argue that § 3571 does not apply to 29 U.S.C. § 666(e).

On April 14, 2023, defendants submitted a Memorandum of Law reiterating their argument that § 3571 should not apply in this case. Dkt. #26. The Government filed its response on April 28, 2023. Dkt. #31. For the reasons that follow, I conclude that § 3571 applies and provides the governing fine amounts in this case.

"Section 3571 of Title 18 of the U.S. Code governs the imposition of criminal fines. Generally, '[a] defendant who has been found guilty of an offense may be sentenced to pay a

fine.' " *United States v. Pfaff*, 619 F.3d 172, 174 (2d Cir. 2010) (citing 18 U.S.C. § 3571(a)). Under section 3571(b), an individual convicted of a misdemeanor resulting in death may be fined up to $250,000, "[e]xcept as provided in subsection (e) of this section." 18 U.S.C. § 3571(b)(4). Under section 3571(c), an organization convicted of a misdemeanor resulting in death may be fined up to $500,000, "[e]xcept as provided in subsection (e) of this section." 18 U.S.C. § 3571(c)(4). Subsection (e) sets forth a special rule for a lower fine specified in a substantive provision:

> If a law setting forth an offense specifies no fine or a fine that is lower than the fine otherwise applicable under this section and such law, by specific reference, exempts the offense from the applicability of the fine otherwise applicable under this section, the defendant may not be fined more than the amount specified in the law setting forth the offense.

18 U.S.C. § 3571(e). The plain text of section (e) is clear and unambiguous: the fine provisions of 18 U.S.C. §3571 do not apply only if (1) the statute of conviction specifies a lower fine than § 3571 and (2) the statute of conviction contains language specifically exempting it from the applicability of 18 U.S.C. §3571.

> Here, the statute of conviction states, in relevant part:
>
> Any employer who willfully violates any [applicable OSHA regulation] and that violation caused death to any employee, shall, upon conviction, be punished by a fine of not more than $10,000 or by imprisonment for not more than six months, or by both . . . .

29 U.S.C. § 666(e). Clearly, this statute specifies a lower fine than §3571. However, it clearly does *not* contain language specifically exempting it from the applicability of 18 U.S.C. §3571.[1]

---

[1] Congress has specifically exempted other statutes from the applicability of 18 U.S.C. § 3571. *See, e.g.* 42 U.S.C. § 2273(c) ("If the conviction is for a violation committed after the first conviction under this subsection, notwithstanding section 3571 of Title 18, punishment shall be a fine of not more than $50,000, or imprisonment for not more than five years, or both."); 49

Accordingly, defendants are subject to the maximum fine amounts set forth in 18 U.S.C. § 3571. *See United States v. Pimentel*, No. 1:18-po-00090-SAB-1, 2023 WL 1823480, at *1 n.2 ("Accordingly, because 38 C.F.R. § 1.218 does not make specific reference to 18 U.S.C. § 3571, the Court does not find a basis to Defendant's allegation that the sentence was illegal because the fine exceeded the state fine amount in 38 C.F.R. § 1.218(b)(11)."); *United States v. Stanley*, No. 15-00271-01-CR-W-HFS, 2016 WL 1417883, at *3 (W.D. Mo. Feb. 2, 2016), *report and recommendation adopted*, 2016 WL 1430052 (W.D. Mo. Apr. 8, 2016) ("While 26 U.S.C. § 7201 and 26 U.S.C. § 7212 each set forth potential fines for violations of those statues, neither section 7201 nor 7212 purports to override the alternative fine provision of section 3571."); *Burgos v. United States*, 968 F. Supp. 380, 383 (N.D. Ill. 1997) ("Even though 21 U.S.C. § 843(c) permits a fine of not more than $60,000 for violating 21 U.S.C. § 843(b), all federal offenses are governed by the alternative fine provision in 18 U.S.C. § 3571(b)(3), which permits a maximum fine of $250,000 in this type of case.  Because 21 U.S.C. § 843(c) does not purport to override the alternative fine provision, the alternative provision provides the relevant maximum fine.").  *See also United States v. Ming Hong*, 242 F.3d 528, 534 (4th Cir.2001) (§ 3571 controls fines for violations of the Clean Water Act); *United States v. Luppi*, 188 F.3d 520 (10th Cir. 1999) ("Because 16 U.S.C. § 551 does not specifically exempt offenses committed under it from the purview of 18 U.S.C. § 3571, the fine structure in § 3571 controls."); *United*

---

U.S.C. § 11908 ("Notwithstanding section 3571 of title 18, United States Code, the criminal penalties provided for in this chapter are the exclusive criminal penalties for violations of this part."); 18 U.S.C. § 248 ("for an offense involving exclusively a nonviolent physical obstruction, the fine shall be not more than $10,000 and the length of imprisonment shall be not more than six months, or both, for the first offense; and the fine shall, notwithstanding section 3571, be not more than $25,000 and the length of imprisonment shall be not more than 18 months, or both, for a subsequent offense . . .").

*States v. Countryman*, No. 95-40500, 1996 WL 166992, at *1 (5th Cir.1996) (§ 3571 controls fines for violations of 18 U.S.C. § 1952).

Accordingly, the maximum fines to which defendants OneKey and O'Neill are exposed at sentencing are $500,000 and $250,000 respectively.

Dated: May 4, 2023
       White Plains, New York

                                          **SO ORDERED**
                                          _____
                                          PAUL E. DAVISON, U.S.M.J.